NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2004
_____

SHAREEM TAYLOR

v.

DETECTIVE ROBERT ROSA, Officially and Individually; AMY CARSON; LT.
JOSEPH WATERS, Officially and Individually; ROBERT CHILLEMI, Insurance Fraud
Prosecutor, Officially and Individually, New Jersey Department of Law and Public
Safety; JANE DOE 1-10; JOHN DOE 1-10; ABC CORP; DEF CORP.; GHI CORP.;
XYZ CORP., Fictitious Defendants; NEW JERSEY DEPARTMENT OF LAW AND
PUBLIC SAFETY

Robert Rosa; Amy Carson; Joseph Waters; Robert Chillemi;
New Jersey Department of Law and Public Safety,
Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2-19-cv-12531)
District Judge: Honorable Madeline C. Arleo
_____

Argued: April 14, 2021

Before: CHAGARES, JORDAN, and SCIRICA, *Circuit Judges*

(Filed: May 19, 2021)

Brett J. Haroldson [ARGUED]
Bryan E. Lucas
Office of Attorney General of New Jersey
Division of Law
Hughes Justice Complex
25 Market Street

1st Floor, West Wing
Trenton, NJ 08625

      *Counsel for Appellants*

Marc D. Serra [ARGUED]
The Law Office of Mark D. Serra
180 Walnut Street
Suite A34
Montclair, NJ 07042

      *Counsel for Appellee*

_____

OPINION*

_____

SCIRICA, *Circuit Judge*

Detectives Robert Rosa and Amy Carson ("Defendants") appeal the District Court's order denying their motion to dismiss Shareem Taylor's complaint. Defendants contend their motion to dismiss should be granted because they are entitled to qualified immunity. We agree. Accordingly, we will vacate the District Court's order denying Defendants' motion to dismiss on the basis of qualified immunity and remand with instructions to grant the motion.

I

Plaintiff Shareem Taylor operated a business, which he advertised on Craigslist, enabling New York and New Jersey residents to obtain out-of-state auto registration.

---

\*    This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Defendants are law enforcement officers employed by the New Jersey Department of Law and Public Safety. On or about March 25, 2015, Detective Carson, using an alias, responded to Taylor's advertisement and represented that she owned a 2006 Cadillac that was unable to pass inspection. She asked whether Taylor could obtain registration and insurance for her and inquired about the cost. She followed up three days later, again asking for assistance with registering and insuring her vehicle. In response, Taylor emailed three forms to Carson for her to complete in order to obtain auto registration in South Dakota and informed her that it would cost $300. Carson completed the forms, listing a South Dakota address.

On or about April 9, 2015, Carson and Taylor met in person, and Carson once again raised the issue of auto insurance. Taylor, using his computer because Carson did not bring one, accessed the Esurance South Dakota website[1] and entered a South Dakota zip code used for Carson's registration. Taylor then advised Carson that she could complete an application by going to the "recall quote" section of the same website. (J.A. 23, ¶ 27). Neither Taylor nor Carson ever submitted an application for insurance to Esurance South Dakota. But, as Taylor stated in his complaint, he "guided Carson through the process necessary for obtaining insurance for her legally registered Cadillac in South Dakota," (J.A. 24, ¶ 30).

Later, Taylor advised Carson that her South Dakota license plates had arrived. He asked Carson to forward payment via Western Union and accept her South Dakota plates

---

[1]     According to Taylor's complaint, Esurance is a shared website or portal sponsored by a number of affiliated auto insurance carriers operating in various states.

by mail, but she insisted they meet in person. The meeting took place on May 13, 2015, at which time Taylor was arrested for insurance fraud and conspiracy to commit insurance fraud, pursuant to a warrant obtained by Detective Rosa. Rosa's affidavit of probable cause supporting the arrest warrant stated that Taylor had committed five or more acts of insurance fraud and had agreed with another person that they or one of them would engage in the crime of insurance fraud "or attempt or solicitation to commit such crime with a purpose of promoting or facilitating its commission." (J.A. 37–38). Ultimately, the charges against Taylor were dismissed upon motion of the prosecuting attorney.

Taylor then filed a complaint pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, malicious prosecution by Carson and Rosa. Defendants moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), but the District Court denied their motion, concluding that neither Carson nor Rosa were entitled to qualified immunity at this stage.[2] This appeal followed.

## II[3]

Defendants contend they are entitled to qualified immunity because the complaint on its face shows they had probable cause to arrest Taylor for insurance fraud and, thus,

---

[2]    The court also held that that Taylor stated a claim for malicious prosecution against both Carson and Rosa.

[3]    The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291, because a district court's denial of qualified immunity at the motion to dismiss stage, "to the extent that it turns on an issue of law," is immediately appealable under the collateral order doctrine. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Despite Taylor's contentions to the contrary, the court's denial here involves a question of law, namely, whether Taylor's complaint sufficiently alleges violations of a constitutional right that is based on clearly established law. *See James v.*

4

did not violate his constitutional rights. At the motion to dismiss stage, a law enforcement officer is shielded by qualified immunity if (1) the facts alleged show the officer's conduct did not violate a constitutional right, or (2) the right violated was not clearly established in light of the specific context of the case. *Reedy v. Evanson*, 615 F.3d 197, 223–24 (3d Cir. 2010). We will focus on the first prong and conclude that the facts alleged show Defendants' conduct did not violate Taylor's constitutional rights.

Taylor alleges Defendants violated his Fourth Amendment right to be free from malicious prosecution. A malicious prosecution claim requires showing that the defendants initiated the criminal proceeding without probable cause. *Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014). This means probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking. *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994). Accordingly, Defendants are entitled to qualified immunity if the facts alleged show they had probable cause to arrest Taylor for any offense. Here, we focus on the offense of third-degree insurance fraud, which requires only one act of insurance fraud. *See* N.J. Stat. Ann. § 2C:21-4.6(c).

---

*City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (noting that whether defendants are entitled to qualified immunity at the motion to dismiss stage is "a pure question of law").

"We exercise de novo review of a district court's denial of a motion to dismiss on qualified immunity grounds . . . ." *Id.* At the motion to dismiss stage, "we accept the factual allegations contained in the Complaint as true, but we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *Id.* (citations omitted). Because qualified immunity is a defense, it "will be upheld on a [motion to dismiss] only when the immunity is established on the face of the complaint." *Thomas v. Independence Twp.*, 463 F.3d 285, 291 (3d Cir. 2006) (citation omitted).

"Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). Probable cause depends on the totality of the circumstances and "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity"—it "is not a high bar." *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (citations omitted).

We conclude, based on the facts alleged in the complaint, that Defendants had probable cause to arrest Taylor for insurance fraud. Under New Jersey law, a person is guilty of insurance fraud if (1) the person knowingly makes, or causes to be made, a false statement of material fact; (2) that false statement is made in a document; and (3) that document is one that a person attempts to cause to be submitted in connection with an application to obtain an insurance policy. *See* N.J. Stat. Ann. § 2C:21-4.6(a).[4] The totality of the circumstances the Defendants had knowledge of, according to the complaint, warranted a reasonable person to believe there was a "probability or substantial chance" Taylor engaged in insurance fraud. *See Wesby*, 138 S. Ct. at 586 (citation omitted). The

---

[4]    The statute provides that a person commits insurance fraud when the person "knowingly makes, or causes to be made, a false, fictitious, fraudulent, or misleading statement of material fact in, or omits a material fact from, or causes a material fact to be omitted from, any record, bill, claim or other document, in writing, electronically, orally or in any other form, that a person attempts to submit, submits, causes to be submitted, or attempts to cause to be submitted as part of, in support of or opposition to or in connection with . . . an application to obtain or renew an insurance policy." N.J. Stat. Ann. § 2C:21-4.6(a).

complaint states that on or about April 9, 2015, Carson and Taylor met and, by that time, Taylor knew Carson was seeking to obtain auto insurance for the car he was getting registered in South Dakota. At that meeting, Taylor visited the Esurance South Dakota website and entered Carson's false South Dakota zip code. At the end of their meeting, he advised Carson that she could complete an insurance application through the same website by recalling the information he had already entered. These facts line up with the elements of insurance fraud: (1) the entering of the false zip code constituted a false statement of material fact[5] knowingly made by Taylor; (2) the false zip code was entered in a document; and (3) the filling out of the document and "guid[ing] Carson through the process necessary for obtaining [auto] insurance," (J.A. 24, ¶ 30), was an attempt to cause Carson to submit the document in connection with her insurance application.

Accordingly, the facts as alleged in the complaint establish Defendants had probable cause to arrest Taylor for insurance fraud.[6] Because Defendants are entitled to qualified immunity based on this conclusion alone, we need not address whether they had

---

[5] A statement of fact is material if it could have reasonably affected the decision by an insurance company. *State v. Goodwin*, 129 A.3d 316, 323 (N.J. 2016). An applicant's location, as evidenced by a zip code, undoubtedly affects an auto insurance company's decisions regarding what policies are available and whether to approve an application.

[6] Even if, as Taylor alleged, Detective Rosa made false statements in his affidavit of probable cause supporting the arrest warrant, that would not defeat the probable cause evident from the facts set forth in the complaint. *See Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 790 (3d Cir. 2000) (concluding that plaintiff challenging the veracity of defendant's probable cause affidavit cannot succeed when defendant, at the time of the arrest, had knowledge of sufficient facts to establish probable cause); *see also Geness v. Cox*, 902 F.3d 344, 359 n.12 (3d Cir. 2018) ("[A] malicious prosecution claim fails so long as the proceeding was initiated with probable cause.") (cleaned up).

probable cause to arrest Taylor for conspiracy to commit insurance fraud or whether the right allegedly violated was clearly established in light of the specific context of this case.

III

For the reasons provided, we will vacate the District Court's order denying the Defendants' motion to dismiss on the basis of qualified immunity and remand with instructions to grant the motion.